

**Service of Process Transmittal**
04/14/2015
CT Log Number 526941068

| | |
|---|---|
| **TO:** | Anne Gadjoro, Paralegal<br>SquareTwo Financial Corporation<br>4340 South Monaco Street<br>Denver, CO 80237 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | CACH, LLC (Domestic State: CO) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sandra Favazza, Pltf. vs. Cach, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Notice(s), Petition |
| **COURT/AGENCY:** | St. Louis City County Circuit Court, MO<br>Case # 15SLCC01023 |
| **NATURE OF ACTION:** | Violation of Fair Debt Collections Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/14/2015 at 10:00 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after) service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kris M. Boevingloh<br>225 S Meramec Ave<br>Suite 1100<br>Clayton, MO 63105<br>314-989-1492 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/15/2015, Expected Purge Date: 04/20/2015<br>Image SOP<br>Email Notification, Wendy Dickey wdickey@squaretwofinancial.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ROBERT S COHEN | Case Number: 15SL-CC01023 |
|---|---|
| Plaintiff/Petitioner:<br>SANDRA FAVAZZA<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>KRIS M. BOEVINGLOH<br>SUITE 1100<br>225 SOUTH MERAMEC<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>CACH, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: CACH, LLC
Alias:
208 SO. LAWSALLE ST
STE 814
CHICAGO, IL 60604

SERVE CT CORPORATION SYSTEM

COURT SEAL OF

ST. LOUIS COUNTY

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**30-MAR-2015**
Date
Further Information:
TLC

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees, if applicable**
Summons     $_____
Non Est     $_____
Mileage     $_____ ( _____ miles @ $ _____ per mile)
Total       $_____

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 15-SMOS-293        3        (15SL-CC01023)                Rules 54.06, 54.07, 54.14, 54.20;
                                                                                                                506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 15-SMOS-293**     4     (15SL-CC01023)     Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

SANDRA FAVAZZA )
Plaintiff )
  )
  ) Cause Number:
v. )
  ) Division:
CACH, LLC )
  ) Jury Trial Demanded
Serve at: )
CT Corporation System )
208 So. LawSalle St. Ste 814 )
Chicago, IL 60604 )

## PETITION

COMES NOW Plaintiff, by and through counsel, and for his/her petition against Defendant, states to the Court as follows:

### Introduction

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, *15 U.S.C. §1692 et seq.* ("FDCPA") that prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### Parties

2. Plaintiff is a consumer "consumer" as that term is defined by *15 U.S.C. §1692a(3)* because he is a person allegedly obligated to pay the debt discussed below.

3. Plaintiff allegedly incurred the purported monetary obligation from transactions made primarily of personal, family or household purposes. The purported obligation is a "debt" as that term is defined by *15 U.S.C. §1692a(5)*.

4. Defendant is a foreign limited liability company. The principal business purpose of Defendant is the collection of debt in Missouri and nationwide, and Defendant regularly collects or attempts to collect debts due or alleged to be due another.

5. Defendant is engaged is the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as that term is defined by the FDCPA *15 U.S.C. §1692a(6)*.

### Defendant's Pattern and Practices

6. Plaintiff alleges the following paragraphs 7 though 36, on information and belief.

7. Defendant purchases old, defaulted debt in batches of one thousand (or more) accounts at a time, for which it pays pennies (or less) on the dollar.

8. Defendant then files lawsuits against individuals allegedly indebted on an account to a creditor which account Defendant claims to have purchased directly or indirectly from the creditor.

9. Defendant does not obtain from the original creditor, or from an assignee of the original creditor admissible evidence demonstrating the amount of the debt allegedly owed by the debtor

10. Similarly, Defendant does not and is incapable of obtaining admissible evidence of the original agreement (including the interest rate) or admissible evidence of the chain of ownership of the debts. This is common practice in the industry because of the time and cost of obtaining such documentation.

11. Moreover, Defendant regularly fails to undertake a reasonable investigation into whether a debtor's alleged debt is barred by the Statute of Limitations.

2

12. Moreover, Defendant regularly fails to undertake a reasonable investigation into whether they are capable of obtaining sufficient documentary evidence to prove their claim.

13. Moreover, Defendant did not at the time of filing this suit have in its possession and/or control sufficient documentary evidence to prove their claim.

14. The default rate on lawsuits brought by Defendant is extremely high; once a default judgment is entered, the debtor's chances of overturning it are virtually limited to those situations where service of process was improper.

15. Thus, in the vast majority of cases, Defendant can proceed to post-judgment collection regardless of whether it could have proved its case in disputed litigation.

16. Defendant thus institute debt-collection suits such as that against Plaintiff in the hopes that the matter will go by default to Defendant. Defendant therefore counts on obtaining a default judgment in such cases with "evidence" that they know would not survive opposition scrutiny at trial. Defendant is unwilling and incapable of obtaining appropriate evidence to prevail at trial.

17. Defendant's primary purpose in filing actions against debtors is to obtain default judgments; Defendant regularly dismisses actions filed against debtors if the debtor contests the lawsuit because of a) Defendant's lack of and inability to obtain admissible evidence and b) Defendant's wish to avoid liability for Plaintiff's attorney's fees.

### The Collection Suit

18. Defendant filed a lawsuit against Plaintiff entitled "CACH LLC v. SANDRA FAVAZZA", Cause No. 14SL-AC08002, ("Collection Suit"), and a true copy of Defendant's petition is

3

attached hereto. Defendant sought to recover an alleged debt arising on a credit card account, allegedly assigned to it.

19. The Collection Suit made, *inter alia*, the following allegations:

   a. That, Defendant was an assignee of an original creditor, HSBC Bank Nevada, N.A.;

   b. That, Defendant and HSBC Bank Nevada, N.A. entered into a written credit agreement;

   c. That, the terms and conditions governing the account are contained in the credit agreement;

   d. That, the terms and conditions included the imposition of finance charges and fees.

20. Attached to the Collection Suit was a document styled "Affidavit of Claim" ("affidavit"), a true copy of which is attached hereto.

21. The affiant testified that based on review of the books and records of the original creditor; the affiant had sufficient knowledge to determine, *inter alia*, that Plaintiff had defaulted on the account at issue and that the amounts claimed in the petition were true and correct.

22. In fact, the significant testimony of affiant is based entirely on hearsay, and is carefully and deceptively designed to appear to be based upon personal knowledge. In fact, the affiant lacked personal knowledge of any of the underlying transactions that supposedly created the debt.

23. Upon belief and information, the affiant reviewed no statements of account, credit agreements, nor any true records of the account prior to making the affidavit.

4

24. Further, the Affidvait is insufficient to substantiate the debt's existence or balance because it is not in compliance with the requirements of CACH LLC v. Askew, 358 S.W.3d 58, 63 (Mo.banc2012), a case that Defendant must be intimately familiar with.

25. The Missouri Supreme Court and Appellate Courts have consistently held that non-specific or conclusionary testimony as to the creation of records within an industry is insufficient to show the trustworthiness of the business records for a particular business entity.

26. Specifically, the affiant failed to testify as to the specific mode of preparation of the records of the alleged debt.

27. Rather, the affiant testified in generalities and claimed to be a qualified witness because of her "experience in reviewing such records and from common knowledge about how Credit Cards work".

28. Such testimony does not establish with sufficient specificity the manner, mode, and time of preparation of any records purportedly provided to Defendant by the original creditor. At best, affiant is testifying as to information reflected from records; the trustworthiness and veracity of such records has not been established.

29. In attaching the affidavit to the Collection suit, Defendant engaged in deceptive behavior by intending to convince Plaintiff that he had no defenses to the action and that Defendant would prevail.

30. On or about April 3, 2014, Defendant was served with a Request for Production of Documents and a set of Interrogatories. Plaintiff sought copies of various documents supporting Defendant's allegations, including the documents referenced in the affidavit.

5

31. Defendant did not timely respond to this discovery.

32. Prior to trial, Defendant dismissed the Collection Suit without prejudice. A true copy of the Dismissal Without Prejudice is attached hereto.

33. Plaintiff was forced to hire an attorney and incur legal fees' in defending against the Collection Suit.

### Defendant Violated 15 U.S.C. §1692e By Using False, Deceptive, And Misleading Means To Attempt To Collect A Debt

34. Defendant acting as a successor party in interest sought to collect on a Debt allegedly owed by Plaintiff on a credit card account.

35. The representation is false because no valid assignment of the account to Defendant exists.

36. Defendant tried to collect from Plaintiff by causing its attorney to file an action against Plaintiff.

37. Defendant chooses not to obtain the documentation needed to investigate, and prove if possible, its debt-collection claims such as that against Plaintiff. Defendant is unwilling to incur the expense of doing so; in many cases such documentation is simply not available to the Defendant.

38. Defendant knew that the alleged evidence they possess, and are willing or able to obtain during the course of litigation is, and will be sufficient as a matter of law to prove a case at time of trial.

39. Defendant provided an affidavit as part of the filing in the Collection Case; which was misleading and deceptive to an unsophisticated consumer.

40. In so acting, Defendant engaged in deceptive behavior by intending to convince Plaintiff that Defendant would prevail in the action.

6

### Defendant Violated 15 U.S.C. §1692e(2)(A) By Falsely Representing The Character, Of The Alleged Debt

41. Defendant represented to Plaintiff that he owed the sum as alleged and set forth in the Collection Suit (hereinafter "the sum") together with interest on the sum.

42. Upon belief and information, the original creditor charged-off a total balance, inclusive of principal, interest and fees, in an amount equal to or less than the sum.

43. The sum is therefore composed of principal in an amount lower than the sum plus interest and fees.

44. By representing to Plaintiff that Defendant is entitled to interest on the sum, Defendant is treating the sum as principal.

45. Defendant is misrepresenting the character of the alleged debt by doing so.

### Defendant Violated 15 U.S.C. §1692e(2)(A) By Falsely Representing The Amount Of The Alleged Debt

46. Plaintiff expressly denies that Defendant is a valid assignee of this account, but assuming arguendo, Defendant were found to be a valid assignee, it would step into the original creditor's shoes for all assigned purposes, other than statutory rights conferred by virtue of statutory class membership.

47. RSMo §408.020 provides that "creditors shall be allowed to receive interest at the rate of nine percent per annum...on accounts after they become due and demand for payment is made.

48. Plaintiff expressly denies that Defendant is a valid assignee of this account, but assuming arguendo, Defendant were found to be a valid assignee, then under RSMo §408.020 Defendant would only be entitled to collect the amount of outstanding principal on the

7

account plus statutory interest of 9% on that principal amount from the date demand for payment was made.

49. The actual amount of outstanding principal on the account is substantially lower than the sum and may actually be less than 0.00.

50. Additionally, the sum includes interest above the allowable statutory rate of 9%.

51. Additionally, Defendant seeks interest from before the date of demand, in violation of §408.020 RSMo.

52. Defendant made misrepresentations as to the amount of the alleged debt by stating that the amount of the sum plus interest is due on the account when the actual amount is less.

**Defendant Violated 15 U.S.C. §1692e(2)(A) By Falsely Representing The Legal Status Of The Alleged Debt**

53. Defendant represented to Plaintiff that it has the legal right to collect on the alleged debt.

54. The representation is false because no valid assignment of the account to Defendant exists.

55. The last transaction on the account was more than five (5) years prior to the date Defendant filed its suit.

56. An action on this account is barred by the 5 years statute of limitations in Missouri.

57. Defendant has made misrepresentations as to the legal status of the alleged debt by representing one of more of the following:

   a. That there is a written contract providing for the collection of the sum plus interest and/or

   b. That the sum plus interest is recoverable without a written contract when a substantial portion of such amount includes interest above the statutory rate and/or

8

    c. That Defendant has been legally assigned this account and/or

    d. That the account is collectable after the statute of limitations has run.

### Defendant Violated 15 U.S.C. §1692f(1) By Attempting To Collect Amounts Not Permitted By Law

58. 15 U.S.C. § 1692f(1) provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." There exists no contract in writing for the payment of interest upon interest on this account.

59. As the sum is composed in whole or part of interest and fees, and Defendant attempted to collect interest on the sum, Defendant attempted to collect interest on interest absent a written contract in violations of RSMo §408.080 thereby attempting to collect illegal amounts.

60. Defendant attempted to collect amounts not permitted by contract or law by attempting to collect amounts for interest in excess of the statutory rate of 9%.

### Defendant Violated 15 U.S.C. §1692f By Using Unfair Or Unconscionable Means To Attempt To Collect A Debt

61. By acting in the numerous ways set out hereinabove and below, Defendant consequently engaged in unfair or unconscionable means of collecting a debt.

### Defendant Violated 15 U.S.C. §1692f By Engaging In Conduct The Natural Consequence Of Which Was To Harass, Oppress, And Abuse Plaintiff

9

62. Defendant harasses, oppressed and abused Plaintiff by attempting to collect on the alleged debt in the manner described above.

63. The acts complained of above are part of a pattern and practice of harassment by Defendant.

**Defendant Violated 15 U.S.C. §1692e, §1692e(2). §1692e(10), And/Or 15 U.S.C. §1692fWithout The Means Of Ever Being Capable Of Proving Their Case At Trial**

64. Plaintiff filed the Collection Lawsuit without the means of ever being able to obtain sufficient proof of the debt-collection action and therefore incapable of proving their case at trial.

65. Plaintiff therefore made false, deceptive, or misleading representation or means in connection with the collection of the debt, and/or falsely represented the character, amount, or legal status of any debt and/or used unfair and unconscionable means to attempt to collect a debt. Evidence that plaintiff is willing or able to obtain during the course of litigation is and will be insufficient as a matter of law to prove their case at trial. (inter alia *Mello v. Great Seneca Financial Corp..*, 526 F. Supp. 2d 1020 (C.D. Cal. 2007), *Harvey v. Great Seneca Financial Corp..*, 453 F.3d 324 (6th Cir., 2006).

66. The plaintiff engaged in a pattern and practice of filing debt collection suits without ever obtaining, or intending to obtain, admissible evidence of the existence or amount of such debts and their actions followed a pattern and practice of filing lawsuits without intention or ability to obtain evidence of alleged debts. All in violation of 15 U.S.C. §1692e, §1692e(2). §1692e(10), and/or 15 U.S.C. §1692f.

**Defendant Violated 15 U.S.C. §1692e(5) By Filing The Collection Lawsuit When it Could Not Legally Prosecute Its Claim and Had No Intention To Do So**

10

67. Plaintiff filed the Collection Lawsuit when it lacked the means to legally prosecute its claims and never had any intention to do so.

## CLAIM FOR RELIEF

68. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following actions taken against Plaintiff:

    a. Defendant violated *15 U.S.C. §1692d* by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff;

    b. Defendant violated *15 U.S.C. §1692e* by using false, deceptive, and misleading means to attempt to collect a debt;

    c. Defendant violated *15 U.S.C. §1692e(2)(A)* by falsely representing the character, of the alleged debt;

    d. Defendant violated *15 U.S.C. §1692e(2)(A)* by falsely representing the amount of the alleged debt;

    e. Defendant violated *15 U.S.C. §1692e(2)(A)* by falsely representing the legal status of the alleged debt;

    f. Defendant violated *15 U.S.C. §1692e(10)* by the various misrepresentations set forth above;

    g. Defendant violated *15 U.S.C. §1692f* by using unfair or unconscionable means to attempt to collect a debt;

    h. Defendant violated *15 U.S.C. §1692f(1)* by attempting to collect amounts not permitted by law.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Defendant for actual damages, statutory damages in the amount of one-thousand dollars ($1,000.00) for violations of the Fair Debt Collection Practices Act, costs of the action, reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k* and any and all such additional and further relief as this Court deems just or proper in the circumstances.

Respectfully submitted,

*[signature]*

Kristoffer M. Boevingloh #56734
George A. Pliakos #54726
Attorneys for Defendant
225 S Meramec Ave Ste 301
Clayton, MO 63105
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com